UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK Z. HOWARD, | : |
| Plaintiff, | : Civ. Action No. 23-22346 (JXN) (ESK) |
| v. | : MEMORANDUM OPINION |
| | : & |
| OFFICER MARIO FERMIN, et. al., | : ORDER |
| Defendants. | : |

**NEALS**, District Judge:

This matter comes before the Court on *pro se* Plaintiff Derrick Z. Howard's ("Plaintiff"), complaint alleging claims under 42 U.S.C. § 1983 (ECF No. 1) and application to proceed *in forma pauperis* (the "IFP"). (ECF No. 1-2). For the reason set forth below, Plaintiff's IFP is **DENIED,** and this matter is **ADMINISTRATIVELY TERMINATED**.

The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, established financial requirements for prisoners attempting to bring a civil action *in forma pauperis*. Under the Act, a prisoner "must submit[] an affidavit that includes a statement of all assets[,]" which states that the prisoner is "unable to pay" the fee. § 1915(a)(1). He or she must also "submit a certified copy of the trust fund account statement" for the "6-month period immediately preceding the filing of the complaint . . . ." § 1915(a)(2). This statement must be "obtained from the appropriate official of each prison at which the prisoner is or was confined" during the 6-month period. *Id.*

The total fee to file a civil complaint in this Court is $405. Indeed, before filing a civil complaint, a prisoner must pay the $405 fee, which includes a $350 filing fee and $55

administrative fee. If allowed to proceed *in forma pauperis*, he or she will not be accessed the $55 administrative fee and instead, pay the $350 filing fee as follows. Pay "an initial partial filing fee of 20 percent of the greater of" the "average monthly deposits to the prisoner's account;" or the "average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ." § 1915(b)(1)(A)-(B). Thereafter, "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(2). The "agency having custody of the prisoner" must also "forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id*.

Even if the fee is paid, the Court may dismiss the matter. It may do so if the case is: (1) "frivolous or malicious;" (2) "fails to state a claim upon which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). If dismissed, the Plaintiff's filing fee is not refunded.

Here, the IFP is deficient because Plaintiff failed to include a certification signed by the appropriate prison official. (ECF No. 1-2 at 3). Thus, Plaintiff's IFP is denied, and this matter is administratively terminated. Accordingly, it is hereby,

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* (ECF No. 1-2) is **DENIED** without prejudice; it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar, if originally timely filed timely (*see DaSilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute

of limitations is met when a complaint is submitted to the clerk before the statute runs . . . .") (citation and internal quotations omitted)); it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a blank application to proceed *in forma pauperis* (DNJ- ProSe-007 – A (Rev. 12/2020)); it is further

**ORDERED** that if Plaintiff wishes to reopen this case, he shall notify the Court in writing within 30 days of entry of this Order, addressed to the Clerk of the Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; Plaintiff's writing shall include either: a (1) 6-month account statement certified by the appropriate prison official; or (2) the $405 fee, including the $350 filing fee plus the $55 administrative fee; it is further

**ORDERED** that upon receipt of a Plaintiff's writing and either a certified copy of a 6-month account statement or payment of the filing and administrative fees within the specified time, the Clerk of the Court shall reopen this case; and it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

DATED: March 26, 2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

3